Cameron                    C-1021182
Filed Jan 10, 2025 11:14 AM          A
        Haley Conner
    Deputy Clerk of Court
E-File Received Jan 10, 2025 10:22 AM

| | | |
|---|---|---|
| **VALIAN MOUTON, YVONNE MOUTON, ALICIA MOUTON, GERALD MOUTON, JONNATHUN MOUTON, LOTTIE BELLON, AND TERESA MOUTON** | §<br>§<br>§<br>§<br>§<br>§ | **38TH JUDICIAL DISTRICT COURT**<br><br>**PARISH OF CAMERON** |
| **VERSUS** _____ | §<br>§ | **STATE OF LOUISIANA** |
| **EQUIPMENTSHARE.COM, INC.** | §<br>§ | _____ |
| **FILED:** _____ | § | **DEPUTY CLERK OF COURT** |

### PETITION FOR BREACH OF CONTRACT

**NOW INTO COURT**, through undersigned counsel, comes Petitioners, VALIAN MOUTON, YVONNE MOUTON, ALICIA MOUTON, GERALD MOUTON, JONNATHUN MOUTON, LOTTIE MOUTON BELLON, AND TERESA MOUTON, who respectfully submit this Petition for Damages and Breach of Contact, and who aver as follows:

1.

Made Defendant herein is:

a. **EQUIPMENTSHARE.COM, INC.** (hereinafter, "EQUIPMENTSHARE"), a foreign corporation authorized to do and doing business in the State of Louisiana with its principal business establishment in the State of Louisiana. EQUIPMENTSHARE who may be served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

2.

All Defendants in this suit, which are named now, in the past, or to be named in the future, are justly and truly indebted, individually and *in solido*, unto the Petitioner's for such sums and damages owed by any and all of their acts or omissions, as discussed herein and/or discovered through the pendency of the litigation at hand.

3.

Venue is proper pursuant to Louisiana Code of Civil Procedure art. 80.1, as an action arising from the breach of a lease of immovable property may be brought in the parish where the immovable property is situated.

*Debbie Spruce*

**Certified True and Correct Copy**
CertID: 2025020300001

Cameron Parish
Deputy Clerk Of Court

Generated Date:
2/3/2025 3:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

4.

The immovable property made subject to this litigation is 190 Bobbies Lane, Cameron, Louisiana 70631 (hereainfter, the "Property"). The Property is wholly owned in various interests by the Petitioners.

5.

The Property was initially owned by Earl Thomas Mouton, Sr. and Lillian Mae Theriot Mouton. Lillian Mae Theriot Mouton departed this life on December 15, 2000. Earl Thomas Mouton, Sr. departed this life on December 13, 2018. The Petitioners have gained various interest(s) in the Property through the inheritance of Earl Thomas Mouton, Sr. and Lillian Mae Theriot Mouton's estates. At all relevant times of this litigation, the Property has been owned by the Petitioners and/or the Estate of Earl Thomas Mouton, Sr.

6.

Prior to the subject lease agreement with the Defendant, Earl Thomas Mouton, Sr., Lillian Mae Theriot Mouton and, subsequently, their family, leased the Property for approximately thirty (30) years to ERA Helicopters, LLC (hereinafter, "ERA"). The Property was leased to ERA for the price of $250 per acre per month, for a total monthly price of $3,000. Upon information and belief, the Moutons did not raise rent on ERA for the last twenty (20) years of their lease. Upon information and belief, ERA had committed future financial lease obligations to the Moutons under their lease terms.

7.

On or around November 2019, the Defendant approached the Moutons urging them to terminate their lease with ERA under the promise by the Defendant that it would execute a lease with the Moutons for a significantly higher rent amount. After discussions between the Defendant and the Moutons, the Moutons agreed to terminate the lease agreement with ERA and proceed forward with a lease agreement with the Defendant.

8.

During their initial discussions, The Moutons and the Defendant agreed on a price of $1,250.00 per acre for the Property. This would make the Defendant's monthly lease obligation $15,000.00. On December 5, 2019, Yvonne Mouton emailed Richard O'Shields – Corporate Real Estate Manager for Defendant – stating: "the price per acre agreed on was $1,250 for the 12 acres fenced in totaling $15,000 monthly."

**Certified True and Correct Copy**
CertID: 2025020300001

Cameron Parish
Deputy Clerk Of Court

Generated Date:
2/3/2025 3:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

9.

On December 23, 2019, Richard O'Shields forwarded a draft lease agreement for the Property, commencing on January 1, 2020 and ending on December 31, 2024. The lease agreement was made between Val Mouton, the Mouton Family and EquipmentShare.com, Inc.

10.

As the Defendant portrayed to the Moutons that they were going to move into the property on January 1, 2020, ERA was asked to leave the Property that it had rented for thirty (30) years by December 31, 2019.

11.

On December 30, 2019, Keith Wade, property transaction manager and agent for the Defendant, stated "I will get it [the lease] signed within the next 20 minutes and e-mail it over." Shortly after Keith Wade's statement, the Defendant wire transferred to the Moutons: (1) $25,000.00 on December 30, 2019, and (2) $5,000.00 on January 6, 2020.

12.

As of the end of 2019, the Moutons and the Defendant had a valid lease agreement.

13.

On January 10, 2020, Keith Wade stated, "The lease was signed. Do you have a fully executed copy?" Keith Wade again reaffirmed his commitment to the lease agreement between the Defendant and the Moutons, stating "I believe everything has been finalized" on January 24, 2020.

14.

Despite having a valid lease agreement in December 2019, the Defendant began breaking and breaching the agreement on February 1, 2020. On February 27, 2020, in pertinent part, Keith Wade stated: "To be clear, we are not 'attempting to back out of the deal.' ... We are fine with no buyout for two years and a year-to-year basis after five years. As far as the buyout option, we propose a buyout for one-half of the remaining balance, not to exceed $50,000.00 with a 60 day notice of intent to buyout the lease. Please advise at your earliest convenience if these terms are acceptable to your client." Upon information and belief, during this time, the parties also agreed to reduce the lease price to $12,500.00 per month because both parties decided to exclude a building on the property.

Certified True and Correct Copy
CertID: 2025020300001

Cameron Parish
Deputy Clerk Of Court

Generated Date:
2/3/2025 3:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

15.

On March 6, 2020, counsel for the Moutons responded to Keith Wade, specifically stating: "The Moutons accept your last offer, set forth in your e-mail of February 27."

16.

After the March 6, 2020 acceptance by the Moutons of modified lease agreement terms, the Defendant did not respond until March 30, 2020, where Keith Wade stated in his email "Equipmentshare will not be proceeding with the lease in Cameron, LA at this time. The projects that Equipment Share expected to support in the area have been cancelled or delayed indefinitely. Please return the security deposit and first month's rent totaling $25,000.00 to Equipment Share."

17.

The Moutons had a valid lease on December 31, 2019 with the Defendant. Thereafter, the Moutons had yet another valid lease with modified terms with the Defendant on March 6, 2020.

18.

Upon information and belief, the aforementioned Defendant employees were agents for the Defendant authorized to enter into these lease agreements.

19.

The Petitioners justifiably relied on the Defendants assertions to their detriment.

20.

Petitioners have made every reasonable effort to mitigate any and all damages caused by the Defendant.

---

## FIRST CAUSE OF ACTION
### Breach of Lease Agreement
### Pursuant to La. C.C. art. 2668, *et seq*.

---

21.

Petitioners restate and incorporate each of the above Paragraphs as if fully plead herein.

22.

The essential elements of a lease are the thing, the price, or rent, and consent of the parties. See, La. C.C. art. 2668. A lease may be made orally or in writing. See, La. C.C. art. 2681. An obligation in bad faith is liable for all damages, foreseeable or not, that are a direct consequence of his failure to perform. La. C.C. art. 1997.

Certified True and Correct Copy
CertID: 2025020300001

Cameron Parish
Deputy Clerk Of Court

Generated Date:
2/3/2025 3:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

23.

Here, not only was there one (1) meeting of the minds to form a lease, but two (2). Lease 1 was for the price of $15,000.00 per month for a five (5) year long term to rent the Property, and the parties consented to the terms of the agreement. The Defendant paid the security deposit and first months rent in accordance with the rental agreement, totaling $30,000.00. Lease 2 was for the price of $12,500.00 per month for a five (5) year long term to rent the Property, and the parties consented to the terms of the agreement on March 6, 2020.

24.

Defendant is in breach of the lease agreement and, therefore, owes to Petitioners damages incurred by Petitioners as a result of the Defendant's breach. As of the date of this filing, the Defendants owe Petitioners $900,000 under the terms of lease 1, or, in the alternative, $720,000.00 under the terms of lease 2.

## SECOND CAUSE OF ACTION
### Detrimental Reliance
### Pursuant to La. C.C. art. 1967

25.

Petitioners restate and incorporate each of the above Paragraphs as if fully plead herein.

26.

Petitioners must prove three elements by preponderance to claim detrimental reliance: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance.

27.

The Defendant represented to Petitioners that it would lease the Property for an agreed upon rate and term. The Petitioners terminated the longstanding lease agreement with ERA in sole reliance of Defendant's assertion. Defendant changed its position on the lease agreement to the Petitioner's detriment.

## PRAYER

WHEREFORE, Petitioners pray that:

Page 5 of 6

Certified True and Correct Copy
CertID: 2025020300001

Cameron Parish
Deputy Clerk Of Court

Generated Date:
2/3/2025 3:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

I.      Defendant, Equipmentshare.com, Inc. be duly cited to appear and answer this Petition and be served a copy thereof;

II.     After due proceedings are had and the lapse of all legal delays, there be judgment here in favor of Petitioners and against Defendant, for such damages as are reasonable damages, including legal interest from the date of judicial demand until payment for all costs there proceeding;

III.    Petitioners further pray for all other full, general, and equitable relief allowable by law.

Respectfully Submitted:

**SUDDUTH AND ASSOCIATES, LLC**
1109 Pithon Street
Lake Charles, Louisiana 70601
Telephone: (337) 480 – 0101
Facsimile: (337) 419 – 0507

**JAMES E. SUDDUTH, III** (#35340)
*Email*: James@saa.legal
**JOHN L. FOURCADE, III** (#40364)
*Email*: John@saa.legal
*Counsel for Petitioners*

**PLEASE SERVE:**

**EQUIPMENTSHARE.COM, INC**
*through its registered agent for service of process*
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Page 6 of 6

Cameron Parish
Deputy Clerk Of Court

Certified True and Correct Copy
CertID: 2025020300001

Generated Date:
2/3/2025 3:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Cameron                          C-1021182
Filed Jan 10, 2025 11:14 AM           A
Haley Conner
Deputy Clerk of Court
E-File Received Jan 10, 2025 10:22 AM

| | | |
|---|---|---|
| VALIAN MOUTON, YVONNE MOUTON, ALICIA MOUTON, GERALD MOUTON, JONNATHUN MOUTON, LOTTIE BELLON, AND TERESA MOUTON | § § § § § § | 38TH JUDICIAL DISTRICT COURT |
| | | PARISH OF CAMERON |
| VERSUS _____ | § § | STATE OF LOUISIANA |
| EQUIPMENTSHARE.COM, INC. | § § § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

## REQUEST FOR WRITTEN NOTICE

TO:    HONORABLE SUSAN RACCA
       CLERK OF COURT
       CAMERON PARISH COURTHOUSE
       CAMERON, LOUISIANA 70631

In accordance with the provisions of LSA – C.C.P. 1571 and 1572, you are hereby requested to give the undersigned, as counsel for the petitioner, in the above captioned matter, written notice, by mail, ten (10) days in advance of any date fixed for trial or hearing of the case, whether on exception, rules, or the merits thereof.

In accordance with the provisions of LSA C.C.P. 1914 and 1915, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case on the entry of such order or judgment.

Respectfully Submitted,

SUDDUTH AND ASSOCIATES, LLC
1109 Pithon Street
Lake Charles, Louisiana 70601
Telephone: (337) 480 – 0101
Facsimile: (337) 419 – 0507

JOHN L. FOURCADE, III (#40364)
*Email*: john@saa.legal
*Counsel for Plaintiffs*

Certified True and
Correct Copy
CertID: 2025020300002

Cameron Parish
Deputy Clerk Of Court

Generated Date:
2/3/2025 3:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).



| | |
|---|---|
| Cameron          C-1021182 | |
| Filed Jan 30, 2025 10:20 AM        A | |
| Haley Conner | |
| Deputy Clerk of Court | |



D2711729

# CITATION

**VALIAN MOUTON**

VS.

**EQUIPMENTSHARE.COM, INC**

C-1021182
38th Judicial District Court
State of Louisiana
Parish of CAMERON

TO:    EQUIPMENTSHARE.COM, INC; THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,
C T CORPORATION SYSTEM, 3867 PLAZA TOWER DR, BATON ROUGE, LA 70816

**Parish of E. BATON ROUGE**

You are named as a defendant in the above captioned matter. Attached to this citation is a:

\_\_X\_\_ Certified Copy of Original Petition

\_\_\_\_\_ Certified Copy of Amended Petition

\_\_\_\_\_ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by Filing an answer or other pleading in the 38th Judicial District Court located at the CAMERON Parish Courthouse, 119 Smith Circle, Cameron, Louisiana, 70631, within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

➤ Article 1001 of the Louisiana Code of Civil Procedure states:

A. A defendant shall file his answer within twenty-one (21) days after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within thirty (30) days after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen
(15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
C. The Court may grant additional time for answering

➤ Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

\*\*THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE\*\*\*

This Citation was issued by the Clerk for the Court for the 38th Judicial District Court on JANUARY 16 2025.

I made service on the named party throug CT CORPORATION

JAN 17 2025

by tendering a copy of this document
Bailea Fucich
BY: B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge, Louis

Haley Conner
Deputy Clerk of Court

RECEIVED
DATE

JAN 16 2025

E.B.R. Sheriff Office

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SHERIFF'S RETURN - PERSONAL OR DOMICILIARY**

FEE     \$_____ SERVED:_____PERSONAL     \_\_\_\_\_DOMICILIARY\_\_\_\_\_

MILEAGE\$_____ SERVED TO:_____

TOTAL \$_____ REMARKS: _____

DATE SERVED:_____ _____
                **DEPUTY SIGNATURE & BADGE NUMBER**



Certified True and
Correct Copy
CertID: 2025020300003

Cameron Parish
Deputy Clerk Of Court

Generated Date:
2/3/2025 3:01 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)